HYMAN WANK, Public Administrator of the County of Kings, as Administrator of the Estate of ALEXANDER KOSUR, Deceased, Appellant, v. NICHOLAS AMBROSINO et al., Respondents.— In an action to recover damages for personal injuries and for wrongful death, judgment entered upon the dismissal of the complaint at the close of plaintiff's case, affirmed, with costs. No opinion. Adel, Wenzel and Beldock, JJ., concur; Nolan, P. J., and Schmidt, J., dissent and vote to reverse the judgment and to grant a new trial, with the following memorandum: The complaint was dismissed on the ground that the record was " barren of testimony supporting paragraph 4 of the complaint." That paragraph alleges that plaintiff's intestate was caused to be hit by an automobile operated by defendant Felice L. Ambrosino, while crossing the intersection of Norman Avenue and Manhattan Avenue, in Brooklyn. While there is no direct evidence that the accident happened precisely as alleged in paragraph 4, the evidence adduced was sufficient to support an inference that plaintiff's intestate was struck by the automobile operated by such defendant in the vicinity of the intersection, was dragged by the automobile a distance of about 170 feet, and that the accident was caused by the said defendant's negligence, as alleged in paragraph 5 of the complaint and in paragraph 8 of plaintiff's bill of particulars. (Cf. *Lowy* v. *Green,* 272 App. Div. 238; *Allen* v. *Stokes,* 260 App. Div. 600, and *Klein* v. *Long Is. R. R. Co.,* 199 Misc. 532, affd. 278 App. Div. 980, affd. 303 N. Y. 807.) Moreover, on the record presented the jury could have found that said defendant was negligent

in continuing to operate his automobile in the light of his testimony that he felt a bump and got out and looked to see if he had a flat tire. An adequate inspection at that time would have disclosed the presence of plaintiff's intestate underneath the car, and would have prevented such further injury as may have resulted from his being dragged a considerable distance further.